**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHIRELY ANN SCOTT**                                                     **PLAINTIFF**

**NO. 4:20CV00042-JMV**

**ANDREW SAUL,**
*Commissioner of Social Security*                                    **DEFENDANT**

## MEMORANDUM OPINION

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law, is of the opinion the Commissioner's decision should be affirmed.

## I. ISSUES BEFORE THE COURT

On appeal, Plaintiff raises the following issues: (1) whether the ALJ properly found State Agency Medical Consultant William Hand, M.D.'s opinion persuasive; (2) whether the ALJ properly declined to order a consultative examination(s) and failed to adequately develop the record; and (3) whether the ALJ erred by failing to incorporate the claimant's need for time "off task" or need to be away from the workstation in the RFC. *See* Plaintiff's Brief in Support of Social Security Benefits and on Appeal from the SSA Appeals Council ("Pl.'s Br.") at pp. 3-13.

## II. ADMINISTRATIVE/PROCEDURAL BACKGROUND

On July 5, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI, respectively, of the Social Security Act, alleging disability since December 31, 2015, due to pain in her back, neck, hips, and hands. Tr. 165-172, 193. Plaintiff has at least a high school education and past work as a babysitter and housekeeper. Tr. 40-41, 194, 211-213. After her claims were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (hereinafter "ALJ"), and the hearing was held on February 14, 2018. Tr. 35, 113. Plaintiff appeared and testified with the assistance of counsel, and a vocational expert ("VE"), Sandra Bruff, also appeared and testified. Tr. 35-36, 242.

The ALJ issued a decision on February 6, 2019, finding that Plaintiff did not meet the Act's definition of disability through the date of the decision. Tr. 16-26. The ALJ applied the Commissioner's five-step evaluation process in evaluating Plaintiff's claim. Tr. 19-25; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 19. At step two, the ALJ found the following impairments severe: arthralgia, lumbago, cervicalgia, myalgia, ulnar nerve entrapment, COPD, a benign brain tumor removed in 2018, a history of alcohol abuse, and a history of left shoulder surgery. Tr. 19-20. The ALJ found hypertension, right eye cataract, heart murmur, and esophagitis were not severe impairments and that Plaintiff's alleged impairments in vision and memory were not medically determinable. Tr. 19-20. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. Tr. 20-21. Before reaching step four, the ALJ determined Plaintiff retained the residual

functional capacity to perform medium work,[1] except she could only frequently reach, handle, finger, and feel; could only occasionally climb and balance; had to avoid concentrated exposure to dust, fumes, pulmonary irritants, or poor ventilation; and was limited to simple but not fast-paced work "such as production work." Tr. 21-24. At step four, the ALJ found that Plaintiff could not perform her past relevant work. Tr. 24. Based on the VE's testimony, the ALJ found at step five that Plaintiff could perform other medium and unskilled work existing in significant numbers in the national economy, such as laundry worker, sandwich maker, and dining room attendant. Tr. 25, 50-51. Accordingly, the ALJ concluded that Plaintiff was not disabled for purposes of the Act through the date of the decision. Tr. 25-26.

The Appeals Council denied Plaintiff's request for review by notice dated January 23, 2020, making the ALJ's hearing decision the Commissioner's final administrative decision. Tr. 6-10. Plaintiff filed her complaint [1] for judicial review of the Commissioner's decision with this Court on March 18, 2020.

### III. DISCUSSION

#### A. Standard of Review and Burden of Proof

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court recently

---

[1] Medium work involves occasionally lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c).

explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

The ALJ has the sole responsibility for determining a claimant's disability status at the hearing level. *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990); 20 C.F.R. §§ 404.1546(c), 416.946(c). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *See Greenspan*, 38 F.3d at 236. At step five, the Commissioner has the burden to produce "evidence about the existence of work in the national economy." *See* 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3). The Commissioner may meet this step five

burden by relying on the Medical-Vocational Guidelines or VE testimony. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). Once the Commissioner shows that a claimant's functional abilities and vocational profile would allow performing a significant number of jobs, the burden shifts to the claimant to rebut this finding. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

### B. Analyses of the Issues

#### 1. The ALJ's assessment of Dr. William Hand's opinion was not erroneous.

Plaintiff essentially argues the ALJ erred by finding the state agency medical consultant's prior administrative assessment persuasive because the consultant did not have the benefit of "material evidence" when he formulated his opinion. (TR 23). Plaintiff points out Dr. William Hand did not have the benefit of records spanning nearly a year following his September 13, 2017, report, wherein he assessed the claimant at the full-range-of-medium exertional level. According to Plaintiff, the RFC reached by the ALJ is "nearly analogous" to Dr. Hand's assessment and is, consequently, not supported by substantial evidence. Plaintiff further argues that ALJ's decision is not supported by substantial evidence because of the "conspicuous absence of credible choices" supporting the ALJ's RFC. Plaintiff further argues the following citations to the medical evidence support an RFC that is more restrictive than the RFC assessed by the ALJ:

> • Aaron Henry Records indicate that they were faxed on October 23, 2017, to DDS. It is unclear if Dr. Hand had access to the Aaron Henry records when he made his determination as DDS did not have this exhibit until after his determination was made on September 13, 2017. (TR 265).
> • October 4, 2017; Assessment: Back pain, chronic, hypertension, muscle spasm. (TR 268).
> • January 17, 2018; Assessment: Back pain, chronic, heart murmur, hypertension, muscle spasm, cough, smokes cigarettes. (TR 432).

5

- February 21, 2018; non-focal exam-Possible brain tumor (astrocytoma). (TR 375). CT of Head: Impression: Mass at the left vertex is most concerning for neoplasm. Further evaluation with enhance MRI is recommended. (TR 384).
- February 22, 2018; Acute Headache-post traumatic and brain tumor. (TR 359).
- March 21, 2018; Patient presents today for routine check up and medication refill. She also states that she is having pain in her lower back and neck. (TR 425).
- April 16, 2018; C/O of right leg pain and side pain. (TR 421). Assessment: Back pain, chronic, chronic pain, heart murmur, and brain tumor. (TR 423).
- June 7, 2018; Diagnosis: Chest pain, unspecified COPD. (TR 309).
- August 20, 2018; Assessment by Billy Brown, PA, reduces Plaintiff below sedentary capacity and also opines that the Plaintiff will be off task approximately 25% of the day and absent from work approximately 4 days or more per month as a result of her brain tumor with neurological and cognitive impairment. (TR 413-416).
- August 20, 2018; Assessment: Hypertension, Back pain, chronic, brain tumor. (TR 419). The patient has a brain tumor all of which could not be removed by surgery. She will begin radiation therapy within a month. Because of some neurological, and some mild cognitive impairments, she is incapable of employment of any kind. (TR 419-420).

*See* Pl.'s Br. 6. Ultimately, Plaintiff claims that due to her age and vocational profile, had the ALJ assessed her with a light RFC, a favorable determination would have been rendered on her behalf.

The Commissioner responds, in pertinent part, that the ALJ only adopted Dr. Hand's assessment to the extent that he assessed the claimant at a range of medium exertion and that Plaintiff provides no basis for her argument that the RFC is not supported by substantial evidence. The Court agrees with the Commissioner's appraisal.

The applicable regulations provide that the Commissioner will "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the factors set forth in the regulations: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors, including but not limited to evidence showing a medical

source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5). However, supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(a), 404.1520(b)(2). In this case, the ALJ adequately addressed the consistency and supportability of Dr. Hand's findings.

With respect to the medical opinions in this case, the ALJ provided the following analyses:

> As for medical opinion(s) and prior administrative medical finding(s), we will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from your medical sources. We fully considered the medical opinions and prior administrative medical findings in your case as follows: the State agency consultant William Hand, M.D. reviewed the claimant's file in September 2017 (Exhibits 1A and 3A). Dr. Hand opined the claimant had a medium residual functional capacity (RFC) with no additional restrictions. While the undersigned agrees with a medium RFC, the medical evidence of record taken as a whole supports greater limitations than given by the State agency consultant. Dr. Hand's opinion was persuasive. Physician Assistant Brown, in a treatment note, opined the claimant could not work (Exhibit 7F). The issue as to whether a claimant is capable of working is an issue reserved for the Commissioner (*see* 20 CFR 404.1527(d) and 416.927(d)). PA Brown's treating source statement is not consistent with the medical evidence as a whole and is not supported by the record (Exhibit 6F). Therefore, PA Brown's opinion is not persuasive.

Tr. 24. Based on the foregoing, the ALJ expressly indicated that though he agreed with a medium RFC, "the medical evidence of record taken as a whole support[ed] greater limitations than given by the State agency consultant." A logical interpretation of the ALJ's statement is that he found Dr. Hand's opinion persuasive only to the extent Dr. Hand landed at a medium exertion level. Accordingly, the ALJ's express language eviscerates Plaintiff's argument and suggests that while Dr. Hand considered only a portion of the record, the ALJ considered the record as a whole. As a result, the ALJ added postural, manipulative, and environmental limitations.

Furthermore, even if the ALJ improperly found Dr. Hand's opinion persuasive,

Plaintiff has made no case that the error was prejudicial. *See,* e.g., *Russo v. Saul*, 805 Fed. App'x 269, 273 (5th Cir. 2020) (unpublished). Certainly, Plaintiff points to medical evidence added to the file after Dr. Hand's assessment—records which highlight mainly her subjective reports of back and neck pain and the discovery and removal of her benign brain tumor. However, as Defendant points out, Plaintiff fails to show how this evidence either contradicts Dr. Hand's RFC formulation or supports a more limited RFC than found by the ALJ.[2] Ultimately, Plaintiff has failed to carry her burden of showing prejudice. Accordingly, the ALJ's assessment of Dr. Hand's findings is not erroneous and, as discussed more fully below, the RFC determination is supported by substantial evidence in the record.

### 2. The ALJ committed no error by refusing to order a consultative examination.

Next, Plaintiff charges the ALJ committed reversible error because he failed to order a consultative examination and, consequently, failed to adequately develop the record. The Court disagrees. As discussed above, even if the ALJ erred, Plaintiff has failed to show she was prejudiced by the ALJ's failure to order a consultative examination for the purpose of determining her "psychological, neurological, and/or physical limitations."

The Fifth Circuit describes the duty to fully and fairly develop the administrative record as requiring that the ALJ reach "an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). However, this duty does not require a CE at government expense unless "the record establishes that . . . it is necessary to enable the [ALJ] to make the disability decision." *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989).

---

[2] Plaintiff argues there is no RFC assessment by an examining physician that demonstrates she can perform medium work. However, Plaintiff avoids addressing whether either Dr. Hand's or the ALJ's RFC assessment is inconsistent with the CE exam findings made by Jim Adams, M.D., on August 31, 2017. Indeed, though not apparent, it is conceivable that Dr. Hand reviewed and incorporated Dr. Adams' findings into his September 13, 2017, assessment.

Ultimately, "[t]he decision to require [a CE] . . . is within the discretion of the ALJ." *Id.*

In this case, the ALJ gave little credence to P.A. Billy Brown's (Plaintiff's treating healthcare provider) opinion that the claimant was incapable of employment because of "neurological" and "cognitive deficits" resulting from her brain tumor. As shown above in the text copied from the ALJ's decision, the ALJ found P.A. Brown's assessment was not consistent with the medical evidence as a whole and not supported by the record. The Court's own review of the medical evidence reveals that physical exams performed mainly by P.A. Brown from November 2017 through June 2018 yielded completely normal objective findings, despite some complaints of arthralgias and myalgias. Tr. 427-469. And, even upon discovery of Plaintiff's brain tumor in February 2018, though she initially presented to the ER with a laceration to the head caused by a fall, she had no neurological deficits and normal physical findings. Tr. 368-413. Interestingly, P.A. Brown's April 16, 2018, note indicates Plaintiff's "recently diagnosed . . . mass on her brain . . . [was] believed to have been present for a long period of time." Tr. 431. Again, physical examinations predating that April visit yielded largely normal objective findings. Ultimately, the record as a whole establishes consistently normal neurological, psychological, and other physical exam findings. And, though during an August 20, 2018, visit P.A. Brown noted the claimant had a decrease in concentration, was anxious, and had impaired judgment, his physical exam findings that day included normal neurological results and intact remote memory among other things. This evidence does not support P.A. Brown's conclusion that "[b]ecause of some neurological and some mild *cognitive* impairments, she is incapable of employment of any kind." Tr. 429-30 (emphasis added). Likewise, P.A. Brown's medical source assessment of less than sedentary, Tr. 423-426, is

largely unsupported and inconsistent with other medical evidence and does not raise suspicion of any neurological or cognitive deficits that are inconsistent with the RFC formulated by the ALJ.

Based on the foregoing, the ALJ had sufficient evidence from which to formulate the claimant's RFC, and Plaintiff has not met her burden of showing the ALJ's ordering another consultative exam would have yielded a different RFC determination.

### 3. The ALJ properly assessed the claimant's non-exertional limitations.

For her final assignment of error, Plaintiff argues the ALJ did not account for her need to be off task and/or away from the workstation (limitations assessed by P.A. Brown) in the RFC. For the reasons stated above, this argument is without merit. The ALJ's RFC determination adequately includes all the claimant's limitations found by the ALJ, and Plaintiff has failed to meet her burden of showing prejudice.

For the foregoing reasons, it will be this Court's judgment that the Commissioner's decision is affirmed.

Signed this 2nd day of July, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge